IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 CASE<br>Case No.: 18-80680-CRJ-13 |
| KIMBERLY JOHNSON,<br>                Debtor. | |
| KIMBERLY JOHNSON | |
| v. | AP No.:18-80046-CRJ |
| LEXINGTON LAW | |

## ANSWER

COMES NOW Defendant, Lexington Law, by and through the undersigned counsel, and hereby responds to Plaintiff's Complaint by stating the following denial and affirmative defenses:

1.    Paragraph One of the Complaint is a compound paragraph, and as such, Defendant admits it is a foreign corporation with its principal place of business in Utah. Defendant admits it the public files appear to show that Plaintiff is a debtor in a Chapter 13 case commenced in this Court.

2.    Upon information and belief, it appears Defendant was listed as a creditor in the bankruptcy case filed by Johnson as alleged in Paragraph Two.

3.    Defendant denies the allegations in Paragraph Three of the Complaint and demands strict proof thereof.

1

4. Defendant denies the allegations in Paragraph Four of the Complaint and demands strict proof thereof.

5. Defendant denies the allegations in Paragraph Five of the Complaint and demands strict proof thereof.

6. Paragraph is an incorporation statement by Plaintiff and requires no response by Defendant.

7. Upon information and belief, it appears Defendant was listed as a creditor in the bankruptcy case filed by Johnson as alleged in Paragraph Seven.

8. Defendant denies the allegations in Paragraph Eight of the Complaint and demands strict proof thereof.

9. Defendant is without sufficient information to admit or deny this compound paragraph at this time, and therefore, denies the allegations in Paragraph Nine of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations in Paragraph Ten of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations in Paragraph Eleven of the Complaint and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph Twelve of the Complaint and demands strict proof thereof.

13. Defendant denies the allegations in Paragraph Thirteen of the

Complaint.

14. Defendant denies the allegations in Paragraph Fourteen of the Complaint as well as that Plaintiff is entitled to the relief requested or any relief whatever.

15. Defendant denies that Plaintiff is entitled to the relief requested in the ad damnum clause of the Complaint.

## AFFIRMATIVE DEFENSES:

Defendant pleads the following Affirmative Defenses:

1. Plaintiff's complaint fails to state a claim against any defendant upon which relief can be granted.

2. Defendant pleads fraud.

3. Defendant pleads breach of contract.

4. Defendant pleads truth.

5. Defendant pleads estoppel and/or waiver.

6. Defendant denies that any act or omission on his part caused or contributed to any damages alleged by the Plaintiff.

7. Defendant pleads the general issue.

8. Defendant reserves the right to file a counter claim or an original claim.

9. Defendant pleads unjust enrichment.

3

10. Defendant pleads laches and/or statute of limitations as the statute of limitations has expired in this matter prior to suit being filed..

11. To the extent available, Defendant asserts all applicable privileges.

12. Defendant contests the damages alleged by Plaintiff.

13. On the face of the complaint, the plaintiff is not the real party in interest and has no standing to bring this case.

14. Plaintiff has failed to mitigate its damages.

15. Plaintiff's claims against Defendant are barred by the doctrine of contributory negligence.

16. Plaintiff has failed to comply with the conditions precedent to assert its claims against Defendant.

17. The lawsuit and the debt claim are invalid and/or void because the plaintiff has not qualified to do business in Alabama.

18. Plaintiff's claims are barred by the doctrines of consent and/or acquiescence.

20. Defendant asserts the doctrine of set-off

21. Defendant asserts the doctrine of merger.

22. Defendant asserts Plaintiff has unclean hands to assert its claims in this matter.

4

23. Defendant assert Plaintiff's evidence in support of its Complaint constitutes inadmissible hearsay.

24. Defendant asserts Plaintiff filed this action in an improper venue.

25. Defendant asserts Plaintiff lacks jurisdiction over the subject matter.

26. Defendant asserts Plaintiff lacks jurisdiction over the person.

27. Defendant asserts insufficiency of process.

28. Defendant asserts all or some of the damages claimed by Plaintiff are erroneous, fraudulent or otherwise not recoverable.

29. Defendant asserts Plaintiff has failed to join an indispensable party under Rule 19.

30. Defendant reserves the right to amend this Answer to add any additional defenses that may be revealed through discovery or otherwise.

31. Defendant avers the affirmative defenses of Estoppel, Waiver, Justification, Statute of Limitations, Laches, Unclean Hands, and Statute of Frauds. Defendant further avers Plaintiff had a duty to mitigate its damages but failed to do so.

32. Plaintiff's claims are barred by accord and satisfaction and/or payment and release.

33. Defendant pleads fraud, misrepresentation, and/or fraud in the inducement on the part of Plaintiff.

34. Plaintiff's claims are barred in whole or in part by the parol evidence rule.

35. Plaintiff's claims are barred because Plaintiff either failed to satisfy all terms and conditions of the contract by performing as required pursuant to the contract, if any, or failed to satisfy and/or perform material terms of the contract, if there was a contract.

36. Any acts, statements, representations, or omissions by persons or entities other than Defendant that caused damage to Plaintiff, which Defendant does not concede, were not authorized by Defendant and were not performed or given with actual, implied, or apparent authority of Defendant. Alternatively, Plaintiff is not entitled to recover from Defendant because its damages, if any, were not caused by any act or omission of Defendant, or in the alternative, were caused by acts or omissions of others for which Defendant had no responsibility.

37. Plaintiff's claims are barred in whole or in part because the damages alleged were caused by the breaches or actions of those other than Defendant, including the breach of contract by the Plaintiff before any

6

breach by Defendant, and/or are otherwise too speculative to allow recovery.

38. Plaintiff's claims are barred in whole or in part by the virtue of the doctrines of consent and acquiescence.

39. Plaintiff's claims are barred in whole or in part by its failure to adhere to and perform contractual obligations.

40. No action by Defendant was the proximate cause of injury to Plaintiff.

                              s/Wesley L. Phillips
                              Wesley L. Phillips (PHI053)
                              Vincent L. Adams
                              Attorneys for Plaintiff

<u>OF COUNSEL</u>:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

<u>OF COUNSEL</u>:
ADAMS LAW GROUP, LLC
2100 SouthBridge Parkway, Suite 650
Birmingham, AL 35209
Phone: 205.414.7421
Fax: 866.729.9203
Email: vince@adamslawllc.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing document has been served on all parties/attorney(s) of record via the AlaFile case management system this  14th  day of   June  , 2018.

John C. Larsen
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, AL 35811

                                    s/Wesley L. Phillips
                                    OF COUNSEL